**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4513
_____

CHUNG-PING LI, a/k/a Zhen Bin Li,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-100-650)
Immigration Judge:  Honorable Frederic Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2010
Before: BARRY, GREENAWAY, JR., and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 27, 2010)
_____

OPINION
_____

PER CURIAM

Chung-Ping Li, a/k/a Zhen Bin Li, a native of China, entered the United States in

1991.  He was later charged as removable as an alien without a valid entry document and

was ordered deported <u>in</u> <u>absentia</u>.  In 2007, an Immigration Judge (IJ) granted Li's motion

to reopen his proceedings. Li conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he would be persecuted in China pursuant to the family planning policy because he and his wife had two children in the United States. He also asked for a continuance on the grounds that he had a pending labor certification application.

The IJ denied Li's motion for a continuance because Li did not have an approved labor certification. The IJ determined that Li's asylum application was untimely and that he was not entitled to withholding of removal or CAT relief. The Board of Immigration Appeals (BIA) affirmed. It concluded that Li had not shown sufficient evidence that he had a labor certification petition pending. The BIA determined that even if Li's asylum application had been timely filed, he could not show a well-founded fear of future persecution. The BIA concluded that some of the evidence Li submitted did not reflect the family planning policy in Li's locality of the Fujian province and that economic fines were commonly used to achieve compliance in Fujian. The BIA gave little weight to Li's personal evidence that he would be sterilized if returned to China. Li filed a timely petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252.

Denial of a continuance

We review the denial of a continuance for abuse of discretion. Khan v. Attorney General, 448 F.3d 226, 233 (3d Cir. 2006). We resolve this question on a case by case basis according to the facts of each case. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d

2

Cir. 2003). The denial of a continuance may only be reversed if it is arbitrary, irrational, or contrary to law. Khan, 448 F.3d at 233. In Khan, the alien challenged the denial of a continuance while his wife's labor certification application was pending. We concluded that the IJ's refusal to grant a continuance was within the IJ's discretion because the alien had failed to submit a visa petition. We rejected Khan's argument that the government's delay in processing the application constituted extraordinary circumstances that justified an indefinite continuance. Id. at 235.

Here, Li's removal proceedings were started in 1991 and reopened in 2007. Li asserts that his labor certification application was filed in October 2008 and should have been adjudicated within ninety days but is still pending. The BIA upheld the IJ's denial of the continuance on the ground that Li had not shown his eligibility for adjustment: he had not provided sufficient evidence that he had a petition for labor certification pending or that a petition for alien worker had been filed on his behalf such that he would be eligible for adjustment under 8 U.S.C. § 1255(i). We agree and conclude that the IJ did not abuse his discretion in denying Li's request for a continuance. See Khan, 448 F.3d at 233-35. While Li argues that the BIA engaged in impermissible fact-finding, he does not argue that his labor certification application has been approved such that he was eligible to adjust his status.

Asylum, Withholding of Removal and CAT relief[1]

To establish eligibility for asylum, Li needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion (which includes persecution related to an oppressive family planning policy). See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, he needed to demonstrate that it was more likely than not that his life or freedom would be threatened in China on account of the family planning policy. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, he needed to demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2).

We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. Toussaint v. Att'y Gen., 455 F.3d 409, 413 (3d Cir. 2006).

---

[1] Because the BIA assumed arguendo that Li's asylum application was timely, we need not reach Li's arguments as to timeliness or the government's arguments regarding jurisdiction.

The BIA stated that much of Li's evidence was general and cumulative of evidence addressed in their published opinions:  Matter of J-H-S-, 24 I. & N. Dec. 196 (BIA 2007); Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007); Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007); and Matter of C-C-, 23 I. & N. Dec. 899 (BIA 2006).[2]  Li argues that he submitted evidence not considered in those cases: localized evidence of the implementation of the family planning policy in his hometown.  However, the BIA addressed this evidence and did not give it much weight.  The BIA noted that Li did not provide original statements from the two women from his town whom his father stated had been forcibly sterilized.  The BIA also observed that the evidence indicated that economic fines, fees, and incentives were commonly used to ensure compliance with the family planning policy and that Li had not shown an inability to pay such a fine.

Li also contends that the BIA did not defer to the IJ's findings and appears to have reviewed his evidence de novo.  Li argues that the IJ expressed "agreement" with a letter from Yan Li, a friend of Li from his hometown, but that the BIA did not credit the letter.

---

[2] In Matter of J-W-S-, the BIA concluded that China did not have a policy of requiring the forced sterilization of a parent who returns with a second child born outside of China. In Matter of S-Y-G-, the BIA determined that the petitioner had not shown changed country conditions.  In Matter of J-H-S-, the BIA determined that enforcement of the family planning policy was lax and uneven in the Fujian province and there was no indication that the sterilizations were accomplished through force and not incentives.  In Matter of C-C-, the BIA found that the 2004 and 2005 State Department Country reports were more persuasive than an affidavit from a retired demographer, Dr. John Aird, in determining that an alien with U.S.-born children had not shown a prima facie showing that she might suffer sterilization if returned to China.

5

In the letter, Yan Li stated that she had been forcibly sterilized after having a second child. The IJ observed that this was not inconsistent with background reports that indicated that some Chinese citizens with children born in China may be forcibly sterilized. The IJ then noted that there was no evidence that Chinese citizens with children born in the United States face forced sterilization. The BIA gave little weight to the letter because Yan Li did not give details of the forced procedure. The BIA did not review the evidence de novo; both the IJ and the BIA concluded that the letter from Yan Li did not support Li's claim that a Chinese citizen returning with two children born in the United States would be forcibly sterilized.

Li asserts that the BIA failed to give sufficient weight to the letter from the village committee which states that he must report for sterilization. The BIA noted that the village committee statement did not account for the permanent resident status of Li's wife.[3] The BIA also observed that background materials in the record indicate that village committees do not have the authority to make family planning decisions. A.R. at 341. The BIA did not err in giving little weight to the village committee letter.

Li also argues that he submitted affidavits from Jin Fu Chen and Jiangzhen Chen who state that they were sterilized after having two children abroad. He contends that the

---

[3] Another Court of Appeals has also upheld such reasoning. "More importantly, the BIA recognized that the letter [from the village] failed to address the fact that Lin's husband had permanent resident status in the United States and how that status would affect application of the family planning laws." Feng Gui Lin v. Holder, 588 F.3d 981, 986 (9th Cir. 2009).

6

BIA erred by discounting these exhibits because the IJ had not assessed them. However, the IJ did refer to the affidavit from Jin Fu Chen and noted that it was unauthenticated and did not involve a couple returning from the United States. Op. at 17. Moreover, Li does not challenge the BIA's reasons for giving these documents little weight: that the supporting documents relating to Jin Fu Chen were not authenticated and the affidavit of Jiang Zhen Chen was a photocopy. The BIA did not exclude these documents because they were unauthenticated but considered them and gave them little weight. The absence of authentication can undermine the evidentiary value of a document. See Chen v. Gonzales, 434 F.3d 212, 219-20 (3d Cir. 2005). Moreover, while this evidence may support a finding that Li has a well-founded fear of future persecution, it does not compel such a finding.

Substantial evidence supports the BIA's conclusion that Li has not established a well-founded fear of future persecution.[4] Because he has not met the standard for asylum, Li cannot meet the higher standard for withholding of removal. Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006). As for his CAT claim, Li has not shown that the record compels a finding that he is likely to be tortured in China so as to entitle him to relief under the CAT.

For the above reasons, we will deny the petition for review.

---

[4] While Li argues he will face economic persecution, he does not challenge the IJ's finding that he had not proved extreme economic hardship.

7